UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL ARDEN JONES,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

23-CV-8313 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Movant, who is currently a pretrial detainee at the Otis Bain Correctional Center, proceeds *pro se*. He styles this application as a motion under 28 U.S.C. § 2255, challenging his criminal proceedings, which are pending in the Supreme Court of the State of New York, Bronx County, under Indictment No. 70616-21; Case No. CR-013906-21BX. For the following reasons, the Section 2255 motion is dismissed without prejudice.

    A motion under Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Here, Movant seeks to challenge his state criminal proceedings – not federal criminal proceedings. A Section 2255 motion thus is not the proper means for Movant to seek relief.

    Before recharacterizing a mislabeled application, district courts generally must provide a litigant with notice and an opportunity to withdraw the *habeas corpus* petition or Section 2255 motion. This is because the limitation on the filing of second or successive petitions "favor[s] providing the prisoner with notice of the intended conversion and the opportunity to add additional claims . . . or withdraw the [application] entirely." *Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir. 2001) (relying on *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (Section 2255 motion)).

Here, Movant has already brought multiple applications in federal court seeking relief in connection with his state pretrial proceedings. Indeed, on the same day that he filed this Section 2255 motion, he also filed two additional applications challenging the same state pretrial proceedings. See *Jones v. Warden of OBCC*, ECF 1:23-CV-8295, 1 (S.D.N.Y. filed Sept. 19, 2023) (Section 2241 petition); *Jones v. McCormick*, ECF 23-CV-8296, 1 (S.D.N.Y. filed Sept. 19, 2023) (Section 2241 petition). Accordingly, there is no basis for recharacterizing this Section 2255 motion as a petition under Section 2241 challenging the Bronx County criminal proceedings.

## CONCLUSION

Movant's motion under 28 U.S.C. § 2255 is dismissed without prejudice because a Section 2255 motion is not the proper vehicle for seeking relief from state court criminal proceedings. The Court declines to recharacterize this Section 2255 motion as a habeas petition because, on the same day that he filed this motion, Movant filed two *habeas* petitions challenging the same state court proceedings.

Because Movant has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Judgment shall enter.

SO ORDERED.

Dated:   October 16, 2023
             New York, New York

                                        /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge